Jose Manuel HIGAREDA–CRISTERNA, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–70706.

United States Court of Appeals, Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Submitted March 8, 2007.*

Filed March 15, 2007.

Elsa I. Martinez, Martinez Goldsby & Associates, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: REINHARDT and TALLMAN, Circuit Judges, and WILKEN,** District Judge.

## MEMORANDUM ***

Petitioner Jose Manuel Higareda–Cristerna appeals a final order of removal affirmed by the Board of Immigration Appeals ("BIA"). The BIA adopted the Immigration Judge's ("IJ") order to the extent that the IJ found that Higareda–Cristerna knowingly engaged in alien smuggling and to the extent that the IJ denied Higareda–Cristerna's application for cancellation of removal as a matter of discretion. We deny the petition.

The agency has the burden of proving that Higareda–Cristerna "knowingly encouraged, induced, assisted, abetted, or aided in alien smuggling," see 8 U.S.C. § 1227(a)(1)(E)(i), by "clear and convincing evidence," id. § 1229a(c)(3)(A). See Her-nandez–Guadarrama v. Ashcroft, 394 F.3d 674, 676 (9th Cir.2005). We "review for reasonable, substantial, and probative evidence in the record as a whole, [and] ... affirm only if the agency has successfully carried this heavy burden of clear, unequivocal, and convincing evidence." Id. at 679 (internal quotation marks omitted; alteration omitted).

Four border patrol agents testified that they witnessed the smuggling incident, and two identified Higareda–Cristerna as an active participant. Although Higareda–Cristerna denied all involvement in the smuggling venture, given the amount of evidence against him and inconsistencies in his testimony, the IJ's decision to credit the agents' testimony over the Petitioner's was supported by substantial evidence. Moreover, the record shows that the IJ gave the Petitioner ample opportunity to explain the inconsistencies raised by the evidence and therefore there was no due process violation.

We do not have jurisdiction to review the BIA's decision to deny Higareda–Cristerna's application for cancellation of removal as a matter of discretion. See Romero–Torres v. Ashcroft, 327 F.3d 887, 890 (9th Cir.2003) (stating the court lacks jurisdiction to consider "[any] discretionary decisions involved in the cancellation of removal context, including the ultimate discretionary decision to deny relief"); see also Fernandez v. Gonzales, 439 F.3d 592, 600 & n. 5 (9th Cir.2006) (stating that this court does not have jurisdiction to consider the ultimate discretionary decision to deny relief).

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Claudia Wilken, United States' District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

DENIED in part; DISMISSED in part.